## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Derivium Capital, LLC,<br><br><div align="right">Debtor(s).</div> | C/A No. 05-15042-JW<br><br>Chapter 7 |
| Charles D. Cathcart,<br><br><div align="right">Plaintiff(s),</div><br>v.<br><br>General Holding, Inc., The People of the State of California, Newton Family LLC, WCN/GAN Partners, Ltd., Hammond 1994 Family L.P., Mark W. Everson, the Commissioner of the Internal Revenue Service and Kevin Campbell as chapter 7 trustee for Derivium Capital, LLC,<br><br><div align="right">Defendant(s).</div> | Adv. Pro. No. 06-80114-JW<br><br>**ORDER** |

THIS MATTER comes before the Court on Defendant General Holding, Inc.'s ("GHI") motion to compel and motion for an extension of time to complete discovery (the "Motions"). The Court granted GHI's Motions by order dated January 4, 2007, but reserved the determination of the new deadline for discovery until the hearing scheduled for January 12, 2007. At the hearing, GHI withdrew its motion for an extension of time to complete discovery at the hearing, Plaintiff, Charles D. Cathcart ("Plaintiff"), requested an additional thirty (30) days to complete discovery. The chapter 7 trustee (the "Trustee") opposed Plaintiff's request. Pursuant to Fed. R. Civ. P. 52, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1.    Derivium Capital, LLC ("Debtor") filed the above-captioned bankruptcy case as a case under chapter 11 of the Bankruptcy Code on September 1, 2005 in the United States Bankruptcy Court for the Southern District of New York.

2.    The Bankruptcy Court in New York subsequently converted this case to a case under chapter 7 and transferred venue to this District.

3.    Kevin Campbell was appointed as the chapter 7 trustee for Debtor.

4.    On June 9, 2006, Plaintiff filed the Complaint in this adversary proceeding.

5.    After discussions regarding discovery pursuant to Rule 26(f), the parties were unable to agree on how much time was required for discovery.[1]   On November 1, 2006, a scheduling order was entered in this adversary, which provided that the deadline for discovery was January 8, 2007

6.    On November 13, 2006, GHI served discovery requests on Plaintiff.

7.    On December 19, 2006, an amended scheduling order was entered in this adversary, which also provided that the deadline for discovery was January 8, 2007.

8.    Having received no response from Plaintiff to its discovery requests, GHI filed the Motions on January 3, 2007.

9.    The Court granted GHI's Motions by order dated January 4, 2007, but reserved for a later date the determination of the new deadline for discovery.

10.    The deadline for discovery expired on January 8, 2007.  As of that date, GHI had received no response from Plaintiff to its discovery requests.

---

[1] By letter dated October 26, 2006, counsel for the Trustee advised the Court that the Defendants were in agreement that no discovery was needed but that counsel for Plaintiff was requesting 120 days for discovery.

11.    A hearing was held on January 12, 2007 to determine the new deadline.  At the hearing, GHI withdrew its motion to extend time for discovery and Plaintiff made an oral request to extend the discovery period for 30 days.  The Trustee objected to Plaintiff's request.

<div align="center">CONCLUSIONS OF LAW</div>

Pursuant to Fed. R. Civ. P. 16(b), made applicable to this proceeding by Fed. R. Bankr. P. 7016, the Court entered scheduling orders providing that the deadline for discovery was January 8, 2007.[2]  Within the time period prescribed by the order, GHI served discovery requests on Plaintiff.  The deadline for discovery passed with GHI receiving no response or objection from Plaintiff to its discovery requests.  Despite an order from this Court compelling Plaintiff to respond, Plaintiff had still not served his responses as of the date of the hearing on GHI's motion to extend the time for discovery,.  Plaintiff now asks the Court to grant him an extension of thirty (30) days to complete discovery.

The Court may modify its scheduling order upon a showing of good cause. See Rule 16(b); see also Burton v. United States, 199 F.R.D. 194, 197 (S.D. W. Va. 2001).  Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the extension. Burton, 199 F.R.D. at 197 ("The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.").  Plaintiff has provided no explanation for his failure to answer the discovery requests.  Further, Plaintiff filed no objection to the discovery requests and waited until after the expiration of the discovery period to request more time for discovery.  The Court finds that Plaintiff has failed to demonstrate that good cause exists for an extension of the time for discovery.[3]  Accordingly, it is hereby

---

[2] Rule 16(b) provides that the Court shall, after receiving the report from the parties under Fed. R. Civ. P. 26(f) or after consulting with the attorneys, enter a scheduling order that limits the time to complete discovery.

[3] The other parties to this adversary proceeding have advised the Court that no further discovery is necessary.

<div align="center">3</div>

ORDERED that Plaintiff's request for an extension of time for discovery is denied.

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
January 17, 2007