

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Derivium Capital, LLC,<br><br>Debtor(s). | C/A No. 05-15042-JW<br><br>Adv. Pro. No. 06-80114-JW<br><br>Chapter 7<br><br>**ORDER** |
| Charles D. Cathcart,<br><br>Plaintiff(s),<br><br>v.<br><br>General Holding, Inc., The People Of The State Of California, Newton Family LLC, WCN/GAN Partners Ltd., Hammond 1994 Family, L.P., United States Of America and Mark W. Everson, Kevin Campbell,<br><br>Defendant(s). | |

This matter comes before the Court on cross-motions of Plaintiff Charles Cathcart ("Plaintiff") for Motion to Dismiss or Alternatively, For a Stay ("Plaintiff's Motion"), on the motion of Defendant General Holding, Inc. ("General Holding"), for dismissal with prejudice ("General Holding's Motion"), and on motion of Kevin Campbell, chapter 7 trustee ("Trustee"), for summary judgment as to Plaintiff's Fourth and Fifth Causes of Action ("Trustee's Motion").[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[2]

---

[1] By separate order, the Court granted the Trustee's Motion as to Plaintiff's Fifth Cause of Action on March 1, 2007.

[2] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

1

## **FINDINGS OF FACT**

1. Derivium Capital, LLC ("Debtor" or "Derivium") is a limited liability company organized and existing under the laws of the State of South Carolina.

2. Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on September 1, 2005 in the United States Bankruptcy Court for the Southern District of New York. On November 4, 2005, the United States Bankruptcy Court for the Southern District of New York entered its order converting the Chapter 11 case to a case under Chapter 7 and subsequently transferred venue to this District.

3. Debtor was operated by Plaintiff, who owned half of the membership interest in Debtor. Plaintiff also acted as the managing director of Debtor.

4. Plaintiff is the subject of various civil actions in South Carolina and other jurisdictions involving his activities as the owner and principal of Debtor.

5. On June 9, 2006, Plaintiff filed this adversary and sought, in addition to other relief, a temporary restraining order to prohibit the continuing prosecution of certain civil actions. Plaintiff also sought indemnification for Debtor's estate, to extend the automatic bankruptcy stay to himself, and to enjoin several actions brought against him in other forums by Defendants General Holding, Newton Family, LLC, WCN/GAN Partners, Ltd., and the Hammond 1994 Family, LLP (collectively hereinafter the "Defendant-Creditors"), as well as the State of California.

6. On August 17, 2006, the Court denied Plaintiff's request for a temporary restraining order.

7. Plaintiff appealed the denial of a temporary restraining order to the United States

District Court for the District of South Carolina ("District Court"), case number 2:06-cv-02976-DCN. The appeal was dismissed by the District Court on motion of General Holding, who moved to dismiss based, in part, on Plaintiff's failure to prosecute the appeal.

8. On October 19, 2006, the Court entered an order pursuant to Fed. R. Civ. P. 26 requiring the parties to confer and propose deadlines for matters in this adversary, including a deadline for discovery. Pursuant to the order, the parties responded to the Court. Defendants indicated that no discovery was needed and Plaintiff requested 120 days for discovery.

9. On November 1, 2006, the Court entered a scheduling order granting the parties approximately 60 days to conduct discovery and set January 8, 2007 as the deadline for the parties to conclude discovery.

10. On January 2, 2007, General Holding moved to compel Plaintiff to respond to discovery served upon him on November 13, 2006 based upon Plaintiff's failure to respond to any of the propounded discovery requests. General Holding also sought to extend the discovery deadline based upon Plaintiff's failure to respond to discovery.

11. The Court granted General Holding's motion to compel on January 4, 2007 and ordered Plaintiff to respond to General Holding's discovery requests. The Court set a hearing on General Holding's request to extend the discovery deadline. At this hearing on January 12, 2007, General Holding withdrew its request for additional time to conduct discovery; however, Plaintiff orally requested an additional 30 days to conduct discovery. Plaintiff's request for additional discovery was denied by order entered January 17, 2007 in which the Court found that Plaintiff had failed to demonstrate good cause for modifying the scheduling order and failed to explain his failure to respond to discovery.

12. Plaintiff has not conducted any discovery in this adversary.

13. On January 12, 2007, Plaintiff filed a motion to dismiss this adversary without prejudice pursuant to Fed. R. Civ. P. 41. Plaintiff also sought to stay this adversary.

14. Trustee filed a motion for summary judgment on January 12, 2007.

15. General Holding filed a motion to dismiss this adversary with prejudice on February 6, 2007 based upon Plaintiff's failure to respond to discovery and an order of this Court pursuant to Fed. R. Civ. P. 37.

16. Plaintiff responded to Trustee's Motion and General Holding's Motion on February 20, 2007. In his response, Plaintiff suggests that judicial economy would be better served by consolidating this adversary with another adversary brought by Trustee now pending in the District Court[3] and that the failure to respond was due to Plaintiff's involvement in other civil actions.

## CONCLUSIONS OF LAW

**I.    Plaintiff's Motion to Dismiss as to General Holding and Trustee is Denied**

All parties agree that this adversary proceeding should be dismissed. The only issue is whether the dismissal will be with prejudice or without prejudice. Plaintiff is not entitled to a dismissal without prejudice as to General Holding and Trustee[4] pursuant to Rule 41(a)(1)[5] because they have not consented to this relief and have already answered. The motion is properly heard under Rule 41(a)(2).

A voluntary motion to dismiss should be granted absent some plain legal prejudice to the

---

[3] The Trustee's adversary is captioned as Cambell v. Cathcart et al., Adv. No. 06-80163. This adversary was initiated in this Court; however, the order of reference for this adversary was withdrawn by order of the District Court.

[4] Trustee opposes Plaintiff's motion for a voluntary dismissal on Plaintiff's Fourth and Fifth Causes of Action.

[5] Plaintiff's motion includes references to Rule 41(a)(1). Voluntary dismissal pursuant to Rule 41(a)(1) is not available to the Plaintiff because the Defendants have already answered the Plaintiff's Complaint and have not consented to a dismissal without prejudice. Accordingly, Plaintiff's motion is governed by Rule 41(a)(2) of the Federal Rules of Civil Procedure.

defendant. See Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001). The Court also has the power to dismiss this matter with prejudice pursuant to Rule 41(a)(2). Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir. 1986). The factors to be considered in a motion to dismiss without prejudice under Rule 41(a)(2) are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; (4) the present stage of the litigation, i.e., whether a dispositive motion is pending. See Hobbs v. Kroger Company, 175 F.3d 1014, 1999 WL 156045 (4th Cir. 1999) (unpublished).

Considering the foregoing factors, the Court finds that the Plaintiff's Motion should be denied as to General Holding and Trustee. Though not weighing heavily in favor of denying Plaintiff's Motion, it appears that General Holding and Trustee have made an effort to prepare for trial and have thereby incurred some expense in this regard. General Holding and Trustee conducted discovery and responded to Plaintiff's initial request for a temporary restraining order. General Holding also participated in Plaintiff's appeal of this Court's August 17, 2006 order and moved to have the appeal dismissed. The Court presumes General Holding and Trustee incurred costs in making these preparations for trial and defending their position in this adversary; however, they have not quantified their expenses in this matter, and therefore, the Court does not give significant weight to this first factor.

The remaining factors each weigh heavily against granting the Plaintiff's Motion. Plaintiff's delay in this case is excessive and he has demonstrated a lack of diligence in prosecuting this case. He failed to respond to discovery, failed to conduct any discovery- despite being the only party to request a discovery period, and failed to respond to an order of this Court compelling him to respond to General Holding's discovery requests since January 3, 2007. He

has consistently sought delay through a request to stay this adversary and an untimely request to extend the discovery period. Plaintiff's actions indicate a clear lack of diligence.

Plaintiff's explanation of a need to dismiss is also insufficient. Plaintiff asserts that it would be more convenient to address his claims in a related adversary brought by Trustee; however, Plaintiff could have consolidated this case with the other adversary,[6] which is now pending before the District Court, but chose not to do so. Plaintiff's plea for dismissal on grounds of judicial economy is also untimely considering that this matter is ready for trial, while the parties in the District Court only now are responding to the Trustee's amended complaint.

Finally, Plaintiff's Motion was filed in the late stages of litigation. The discovery period in this matter has concluded and this matter is ready for trial. Though Plaintiff filed his motion prior to other dispositive motions, dispositive motions were nevertheless timely filed and would appear to have merit. Plaintiff's Motion appears to be an attempt to avoid the adverse consequences of his failure to participate in discovery, which is grounds to deny the motion. See Francis v. Ingles, 1 Fed. Appx. 152, 2001 WL 20536 at *2 (4th Cir. 2001) (unpublished) (finding dismissal without prejudice was not warranted where it appeared to be an attempt to circumvent an adverse ruling); Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F.Supp.2d 569, 572 (S.D.N.Y. 2004) (finding a party is not entitled to dismiss a claim without prejudice to avoid the prospect of an adverse decision). Additionally, General Holding and Trustee would be prejudiced if Plaintiff's Motion were granted as it appears that these parties are entitled to have this matter dismissed with prejudice or summary judgment based upon Plaintiff's conduct in this case. See Pilot Life Ins. Co. v. Habis, 90 F.2d 842, 843 (4th Cir. 1937) (finding the right to dismiss is not absolute where the defendant has acquired some legal right). Therefore, based

---

[6] General Holding's counsel indicated that Plaintiff initially resisted efforts by other parties to consolidate this case with other cases during the early stages of litigation in this case.

upon the foregoing, the Court denies Plaintiff's request to dismiss this case without prejudice as to General Holding and as to Trustee on Plaintiff's Fourth and Fifth Causes of Action. Plaintiff's request to dismiss is granted as to the remaining causes of action asserted against Trustee and as to all causes of action asserted against the remaining defendants since these defendants did not oppose dismissal or join in General Holding's Motion.

## II.     Plaintiff's Motion for a Stay is Denied

Plaintiff alternatively moved to stay this adversary pending the outcome of the withdrawal of reference of the related adversary.[7] The reference of this other adversary has now been withdrawn. Plaintiff did not seek to consolidate this matter with this adversary and has not sought to withdraw the reference of this adversary so that these matters may be consolidated. The Court therefore denies Plaintiff's request for a temporary stay as a stay would not appear to serve any useful purpose or is otherwise moot since the reference of the related adversary has been withdrawn.

## III.    General Holding's Motion to Dismiss is Granted

General Holding seeks to have this action dismissed pursuant to Fed. R. Civ. P. 37, made applicable to this proceeding by Fed. R. Bankr. P. 7037.

Rule 37(b)(2) provides in pertinent part as follows:

> If a party or an officer, director or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the Court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: …
>
> (C) An order striking out pleadings or parts thereof, or staying further

---

[7] Plaintiff's motion for a temporary stay is based upon 11 U.S.C. § 105(a) and Fed. R. Civ. P. 26(c); however, the motion does not indicate how Fed. R. Civ. P. 26(c) is applicable since that rule appears to only addresses discovery matters and not the stay of an entire action.

7

> proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(C).

In addition, Fed. R. Civ. P. 37(d) provides as follows:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
>
> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c).

Fed. R. Civ. P. 37(d).

Rule 37(d) of the Federal Rules of Civil Procedure gives the Court wide discretion to impose sanctions for a party's failure to comply with its discovery orders. See Mutual Federal Sav. And Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989). When the sanction involved is dismissal or judgment by default, the Court's "range of discretion is more narrow" because the Court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court. See Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503-04 (4th Cir.1977). Dismissal is appropriate only "in that rare case where the conduct represents such 'flagrant bad faith' and 'callous disregard' of the party's obligation under the Rules as to warrant the sanction not simply for the purpose of preventing prejudice to

8

the discovering party but as a necessary deterrent to others." Id. at 504. "In such cases, not only does the non-complying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." Mutual Federal, 872 F.2d at 92. Courts are required to apply a four-part test when considering dismissal for discovery violations: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. Mutual Federal, 872 F.2d at 92; Wilson, 561 F.2d at 503-506.

Plaintiff has acted in bad faith by failing to respond to discovery and to an order of this Court compelling him to answer discovery.[8] General Holding served discovery on Plaintiff and

---

[8] Though not necessarily relevant to this case or bearing upon the outcome of this Order, it is worth noting that Plaintiff's pattern of delay and non-disclosure is not isolated to this adversary but is common to multiple, related matters involving Plaintiff and entities controlled by Plaintiff. See In re Derivium Capital, LLC, C/A No. 05-37491-CGM, slip op. (Bankr. S.D.N.Y. Nov. 4, 2005) (noting a pattern of delay and other misconduct by Debtor while operating as a debtor-in-possession under the control of Plaintiff) (aff'd Derivium Capital, LLC v. United States Trustee (In re Derivium Capital, LLC), 05-cv-10845, slip op. (S.D.N.Y. May 22, 2006)). For instance, this Court granted the Trustee's motion to compel when Shenandoah Holdings, an entity owned and controlled by Plaintiff, failed to respond to discovery in another adversary. See Campbell v. Shenandoah Holdings Limited, C/A No. 05-15042-W, Adv. Pro. No. 06-80111-W, slip. op. (Bankr. D.S.C. Feb. 1, 2007). The District Court was also forced to compel Plaintiff to respond to General Holding's discovery in another matter and compel Debtor, while under the control of Plaintiff, to respond to a subpoena. General Holdings, Inc. v. Cathcart et al., 2:06-cv-01121-DCN, slip op. (D.S.C. Jan. 24, 2007); Hammond 1994 Family, L.P. v. Diversified Design Associates et al., 2:04-cv-22855-DCN (D.S.C. Nov. 8, 2005). Plaintiff has abused the discovery process in another case by failing to attend a deposition. See Sabelhaus v. Derivium Capital, 2:05-cv-1806-DCN, slip op. (D.S.C. Aug. 24, 2005) (compelling Plaintiff to attend a deposition). Plaintiff also sought to avoid attending the meeting of creditors when this bankruptcy was pending in New York. See In re Derivium Capital, LLC, C/A No. 05-37491-CGM, slip op. (Bankr. S.D.N.Y. Oct. 11, 2005) (minute order denying motion to adjourn the meeting of creditors). It appears from the order converting this case to a chapter 7 that Plaintiff nevertheless failed to attend the initial meeting of creditors as the primary representative of Debtor. See In re Derivium Capital, LLC, C/A No. 05-37491-CGM, slip op. (Bankr. S.D.N.Y. Nov. 4, 2005). This Court compelled Debtor, while acting under control of Plaintiff and represented by Plaintiff's current counsel, to amend Debtor's schedules and to comply with an order of the Bankruptcy Court for the Southern District of New York ordering Debtor to turnover all records to Trustee. See In re Derivium Capital, LLC, C/A No. 05-14042-W, slip op. (Bankr. D.S.C. Jan. 18, 2006). It appears from the docket that Debtor failed to comply with this order although Debtor was represented by Plaintiff's current counsel for an additional six months after this order was entered. Plaintiff, or entities owned and controlled by him, have also sought to stay the various

this Court ordered Plaintiff to respond to this discovery but Plaintiff has not responded as ordered.[9] Plaintiff was warned by the Court on January 12, 2007 that failure to comply with discovery would result in sanctions and General Holding indicated on the record that it expected Plaintiff to respond to discovery or it would seek to dismiss this case, thus, giving the Plaintiff a clear and fair warning that he must fulfill his obligation to respond to discovery or face the drastic remedy of dismissal of this action. See Hathcock v. Navistar Intern. Transportation Corp., 53 F.3d 36, 40 (4th Cir. 1995) (finding that a party should receive notice that a case is subject to dismissal before the case is dismissed pursuant to Rule 37). Rather than comply with his obligations in this case, Plaintiff pressed forward with his motion to dismiss; thereby seeking to absolve himself of his failure to meet his responsibilities as a litigant. This motion appeared to be a litigation tactic designed to escape the ramifications of Plaintiff's conduct in this case. At the hearing on February 22, 2007, Plaintiff's counsel candidly acknowledged that Plaintiff failed to comply and did not offer substantial excuses for not complying with an order of this Court despite the warning that General Holding would seek to dismiss this case if Plaintiff did not comply with this Court's order.[10] This failure to comply with an order of this Court is one of the

---

actions involving Plaintiff, including this case, though these requests for a stay have been consistently rejected by this Court and the District Court as it appears that these motions lack merit. See General Holdings, Inc. v. Cathcart et al., 2:06-cv-01121-DCN, slip op. (D.S.C. Feb. 8, 2007); In re Derivium Capital, LLC, C/A No. 05-14042-W, slip op. (Bankr. D.S.C. Jan. 20, 2006); Shenandoah, slip op. (Bankr. D.S.C. Mar. 2, 2007). Plaintiff, or entities controlled by him, have also appealed various orders and failed to prosecute the appeal. See Cathcart v. State of California, 2:06-cv-02976-DCN, slip op. (D.S.C. Dec. 27, 2006); Derivium Capital, LLC v. United States Trustee, 2:05-cv-03411-DCN, slip op. (D.S.C. Feb. 13, 2006). Though there are additional examples of such conduct by Plaintiff, the foregoing demonstrates a propensity by Plaintiff to delay, increase the costs for other litigants, waste judicial resources, and attempt to avoid a decision on the merits. Plaintiff's conduct in this case is consistent with his conduct in these other cases.

[9] Plaintiff suggested at a hearing on January 12, 2007 that his motion to dismiss was a response to the Court's order compelling Plaintiff to respond to discovery. However, as the Court stated at the hearing on January 12, 2007, Plaintiff's compliance with the order compelling him to respond to discovery was not stayed and Plaintiff was under an order to comply with discovery.

[10] Plaintiff indicates in his response to General Holding's Motion that he failed to respond because of the pending motion to withdraw the reference of another adversary; however, as previously set forth, Plaintiff made no effort to consolidate this adversary with the other adversary and has not sought to withdraw the reference of this adversary. Thus it is unclear how the withdrawal of reference of another adversary could have any impact on this

most brazen violations of a court order that the undersigned has observed as judge. As Plaintiff did not timely take action to extend the time for him to respond to discovery, object to the discovery requested, or comply with an order of this Court, the Court concludes that Plaintiff acted in bad faith with a callous disregard to his duty to comply with the rules and orders of this Court. See Roman v. ESB, Inc., 550 F.2d 1343, 1349 (4th Cir. 1976) (affirming the District Court's dismissal of a case for failing to respond to interrogatories and an order compelling response when the party was warned that the case may be dismissed for non-response).

The Plaintiff's failure to comply is prejudicial to General Holding. Although Plaintiff suggests that General Holding may have obtained some of the discoverable information in other proceedings, Plaintiff has presented no evidence that he has satisfied any of General Holding's discovery requests, which appear aimed at legitimately discovering Plaintiff's damages and all other documents that support Plaintiff's complaint. Both of these matters are central to this case and General Holding's ability to mount a defense to the allegations made in the complaint. Whether General Holding may have been made aware of some of this information in other proceedings, the rules of procedure do not require or expect General Holding to sift through the volume of information that may have been revealed in the multiple proceedings in multiple domestic and foreign jurisdictions involving Plaintiff and entities controlled by him in order to determine which pieces of information are relevant to this case, which involves very narrow issues. Plaintiff's failure to comply has increased the cost of litigation in that it necessitated General Holding's motion to compel and motion to dismiss and Plaintiff's failure to comply has significantly impeded General Holding's ability to prepare for trial, therefore dismissal is

---

case and thereby excuse the Plaintiff from responding to discovery. Plaintiff's counsel also argued at the hearing on these matters that the failure to respond was due to the numerous other pending matters involving the Plaintiff in this and other jurisdictions. The Court does not find this to be a substantial excuse since Plaintiff initiated this action in this Court and has never sought to consolidate this matter with other matters or timely sought to extend the time to comply with discovery requests.

warranted. See PVD Plastic Mould Indus., Ltd. v. Polymer Group, Inc., 2001 WL 1867801, at **11-12 (D.S.C. 2001) (aff'd 31 Fed. Appx. 210 (4th Cir. 2002) (unpublished)).

Third, this Court has a vested interest in ensuring compliance with its orders. The blatant non-compliance with this Court's order compelling Plaintiff to respond to General Holding's discovery is an affront to the authority of this Court to issue appropriate orders and manage the litigation before it. Plaintiff was clearly advised on the record on January 12, 2007 that the order compelling him to respond to discovery was not stayed by his motion to dismiss and non-compliance would subject Plaintiff to sanctions including dismissal, if General Holding so moved. Plaintiff intentionally chose to not comply and pin his hopes on the belief that this adversary would be somehow be moved to the District Court and consolidated with another case, despite the fact that no party to this adversary moved for such relief. As set forth in Mutual Federal, deterrence of this type of abuse by Plaintiff supports dismissal. See Mutual Federal, 872 F.2d at 93.

Finally, it does not appear that a less drastic sanction would be effective.[11] Though monetary sanctions appear to be appropriate in most cases of discovery abuse, Plaintiff's actions exhibit a total disregard for the discovery process and the orders of this Court and therefore Plaintiff's actions warrant a more severe sanction such as dismissal or the preclusion of evidence. By order and on the record, this Court attempted to coax Plaintiff to comply with his obligations as a litigant and respond to General Holding's discovery. Plaintiff chose instead to ignore his obligations and the order of this Court leaving the undersigned at a loss as to how it could make Plaintiff do that which he willfully chooses not to do. Further, this is not an isolated case of non-compliance for Plaintiff in this case. In addition to failing to comply with General

---

[11] Dismissal in this case is not necessarily a drastic remedy since this Court has already found that Plaintiff is unlikely to succeed on the merits of this case when it denied Plaintiff's request for a temporary restraining order.

Holding's discovery requests, the Trustee indicated at a hearing on January 12, 2007 that Plaintiff failed to respond to his discovery requests in this matter. As an alternative to dismissal, the Court could preclude Plaintiff from presenting any evidence that should have been disclosed by the propounded discovery including evidence on Plaintiff's alleged damages; however,[12] it appears that such a preclusion would be tantamount to dismissal with prejudice considering the scope of General Holding's discovery requests. See Rabb v. Amatex Corp., 769 F.2d 996 (4th Cir. 1985) (finding that the court may preclude evidence although the preclusion would be tantamount to dismissal). The Court believes that the better approach in this case is dismissal with prejudice because Plaintiff's actions warrant this severe sanction and because the preclusion of evidence would result in additional expenses and more delay for the parties in this matter to reach the same result.

Based upon the foregoing, General Holding's Motion is granted and this case is dismissed with prejudice pursuant to Fed. R. Civ. P. 37 as to General Holding.

### IV.    General Holding's Request for Costs

General Holding requests that it be reimbursed its costs in pursuing its motion. Fed. R. Civ. P. 37(d) allows the Court to order a party that fails to comply with discovery to reimburse the party moving for compliance its reasonable attorney's fees. The Court has the discretion to not order reimbursement. See T.N. Taube Corp. v. Marine Midland Mortgage Corp., 136 F.R.D. 449, 457 (W.D.N.C. 1991) (citing 4A Moore's Federal Practice ¶ 37.02 (2d ed. 1990)). Though reimbursement of General Holding's costs appears justified given Plaintiff's willful failure to respond to discovery, the Court declines, at this point, to award General Holding the reasonable attorney's fees it incurred in pursuing its motion under Rule 37 because the Court has granted

---

[12] Such a sanction would appear appropriate if an appellate court disagrees with the result of this Order.

13

General Holding's request to dismiss this case with prejudice. General Holding's may renew its request for attorney's fees if an appellate court finds that dismissal is not appropriate and allows this matter to proceed to trial.

## V.    Plaintiff's Motion for Summary Judgment as to the Fifth Cause of Action is Granted

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The non-moving party may not rest on his pleadings but must make a specific showing of the existence of material facts. See Dunes Hotel Assoc. v. Hyatt Corp. (In re Dunes Hotel Assoc.), 194 B.R. 967, 976 (Bankr. D.S.C. 1996). The moving party is entitled to judgment if the non-moving party fails to make a sufficient showing of an essential element of his case with respect to which he has the burden of proof. See Celotex, 477 U.S. at 317.

Plaintiff's Fifth Cause of Action alleges that he is entitled to indemnification from Debtor's estate based upon Debtor's operating agreement. Plaintiff's claim for indemnification from Debtor hinges upon Plaintiff having an allowed claim against Debtor's estate. See In re Farmland Industries, Inc., 318 B.R. 159 (Bankr. W.D. Mo. 2004) (noting that the bankruptcy definition of "claim" is broad enough to encompass a pre-petition indemnification agreement). Plaintiff alleges in his objection to Trustee's Motion that his claim should be allowed because the filing of this adversary put all parties on notice of Plaintiff's claim, that the failure by Plaintiff's counsel to schedule Plaintiff's claim while his counsel represented Debtor was excusable neglect, and no party will be prejudiced by allowing Plaintiff's claim.[13] However, Plaintiff failed to timely file a claim against Debtor's estate and has failed to demonstrate that he may otherwise

---

[13]    Plaintiff's objection to Trustee's Motion is also overruled as untimely under the scheduling order.

14

meet the requirements for an informal proof of claim and therefore Plaintiff's Fourth Cause of Action fails as a matter of law.

First, Plaintiff claims that this adversary constitutes notice of his claim. Plaintiff relies upon the case of In re PHC Assoc., 949 F.2d 585 (2nd Cir. 1991) for the proposition that, in a complicated case, an adversary may be a sufficient substitute for a timely filed claim. See PHC Assoc., 949 F.2d at 605. The PHC case does not assist Plaintiff because that matter involved a chapter 11 proceeding, which has a more liberal standard for allowing claims under Rule 3003, and the action involving the creditor's rights was instituted prior to the bar date. In this chapter 7 proceeding, this adversary is not sufficient to constitute an informal proof of claim as this adversary was filed months after the claim bar date. Plaintiff has not introduced any evidence in response to Trustee's Motion that he took sufficient steps prior to the claim bar date to justify allowing Plaintiff an informal proof of claim, which may thereby allow Plaintiff to maintain his Fourth Cause of Action. Additionally, Plaintiff failed to respond to Trustee's discovery requests, including requests for admission whereby Plaintiff, by not responding to these discovery requests, admitted that he did not file a proof of claim against the estate.

Second, Plaintiff's argument that the claims bar date may be extended based upon his counsel's excusable neglect while representing Debtor is not grounds to allow Plaintiff a claim. In a chapter 7, Rule 9006 only allows the Court to extend the bar date set forth by Rule 3002(c) based upon the terms and conditions of Rule 3002(c). See Fed. R. Bankr. P. 9006(b)(3). Rule 3002(c) does not allow the Court to extend the bar date based upon excusable neglect. See Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380, 388 (1993); In re Davis, 936 F.2d 771, 773 (4th Cir. 1991) (holding "[b]y the operation of Bankruptcy Rule 9006(b)(3) on Rule 3002(c), creditors in a Chapter 7 proceeding who do not file a proof of claim within 90 days

after the creditors' meeting are barred from filing such a claim, whether or not there was a good reason for the failure to timely file."); In re Elmont Elec. Co., Inc., 206 B.R. 41 (Bankr. E.D.N.Y. 1997) (finding that the excusable neglect standard is not applicable within the context of the bar date for a chapter 7 case). Even assuming Plaintiff's counsel scheduled Plaintiff's alleged claim in Debtor's schedules, the scheduled claim would not excuse Plaintiff from filing a claim in this case since Rule 3003(b)(1) is inapplicable in Debtor's chapter 7 case.

Finally, Plaintiff claims that no party will be prejudiced by allowing his claim. Plaintiff cites no cases allowing a tardy claim in a chapter 7 based upon this argument, as it is typically one utilized within the context of a chapter 11 case under the umbrella of excusable neglect. See In re Cable & Wireless USA, Inc., 338 B.R. 609, 614 (Bankr. D. Del. 2005) (finding a creditor in a chapter 11 had burden to prove that debtor would not be prejudiced by allowing a late claim); In re Napier, 84 B.R. 482 (Bankr. D.N.J. 1988) (finding that lack of prejudice is not grounds to extend the time period for filing a proof of claim under Rule 3002(c)). As a matter of law, the excusable neglect standard does not apply to late filed claims in a chapter 7 case and therefore Plaintiff's arguments for allowance of his alleged claim fails.

Based upon the foregoing, there are no genuine issues of material fact. Plaintiff, based upon the record of Debtor's bankruptcy case and Plaintiff's failure to respond to discovery, failed to timely make a formal or informal proof of claim against Debtor's estate. Summary judgment is appropriate as to Plaintiff's Fourth Cause of Action because that action fails as a matter of law.

## CONCLUSION

Based upon the foregoing, the Court denies Plaintiff's motion to dismiss as to General Holding; denies Plaintiff's motion to stay; grants General Holding's motion to dismiss with

prejudice; grants Trustee's motion for summary judgment as to Plaintiff's Fourth Cause of action; denies General Holding's request for costs without prejudice; and otherwise grants Plaintiff's motion to dismiss without prejudice as to the remaining defendants.

**IT IS SO ORDERED.**

                                                                    *John E Waites*
                                        UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
March 16, 2007